*302 OPINION.
Tettssell:
The record of this case establishes the fact that the petitioner’s farm is located in territory where coal deposits were generally found and that the drilling for coal had shown seams of merchantable coal on both the east and west sides of petitioner’s farm, and that there was an outcropping of coal on the petitioner’s farm. Witnesses thoroughly familiar with the territory and with land values there testified that where coal was believed to exist land values were in 1913 approximately $75 or $100 per acre higher, than land values where coal was not supposed to exist. A sale of comparable farm property, without reference to the element of coal-deposit values, established a value of $215 per acre in 1912, and from all the facts contained in this record, we are of the opinion, and have so found, that petitioner’s farm then had a value made up of both the farm-land-value element and the coal-deposit-value element and that the March 1, 1913, value of petitioner’s farm was $275 per acre.
The next question for consideration is whether petitioner should be allowed for the year 1921 a deduction as an ordinary and necessary business expense of the-total amount of the three notes given by petitioner to his children as payment for their services on the farms. We have not been informed as to the grounds upon which the respondent disallowed the said deductions. From the facts in this record we must come to the conclusion that there is serious doubt as to the reasonableness of the salaries in question. However, it is not necessary for us to decide the question of reasonableness, for the petitioner was on the cash basis and made his income-tax *303 return upon the same basis, and while he incurred a liability to pay those three notes in December, 1926, he did not actually pay the salaries in 1921. Furthermore, we have no evidence that the three children George, Delbert, and Carol accepted the notes as payment of the compensation due them for their services. The notes constituted evidences of promises to pay certain amounts in December, 1926. The giving of the said notes did not constitute disbursements during the year 1921, and upon the cash basis of accounting and making of the income-tax return the amounts of the notes are not deductible as an expense paid during 1921. Cf. Warner L. Colvert v. Commissioner, 6 B. T. A. 623.
In the recomputation of this petitioner’s tax liability and the amount of the deficiency for the year 1921,. in accordance with the above findings of fact and this opinion, there should be allowed a credit in the amount of $170.19 which has been paid by petitioner for income tax for 1921.

Order of redetermmation will be made upon 15 days’ notice, pursuant to Rule 50, amd judgment will be entered in due course.